

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Lauren Howland**<br>*Special Assistant Corporation Counsel*<br>Office: (212) 356-2016 |

*The request is GRANTED. The case is stayed pending the Cayuga County Supreme Court's decision. The Clerk of Court is directed to terminate the motion at Dkt.10.*

*SO ORDERED*

*Arun Subramanian, U.S.D.J.*
*Dated: March 19, 2025*

March 19, 2025

**VIA ECF**
Hon. Arun Subramanian
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

   *Re: M.B. v. N.Y.C. Dep't of Educ.,* 24-cv-9239 (AS)(SLC)

Dear Judge Subramanian

  I am a Special Assistant Corporation Counsel in the office of Corporation Counsel, Muriel Goode-Trufant, attorney for Defendant in the above-referenced action, wherein Plaintiffs seek solely attorneys' fees, costs and expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq*. ("IDEA"), as well as for this action.

  I write on behalf of the parties pursuant to the Court's December 20, 2024 Order (ECF No. 8) to: (1) provide a joint status updates, and (2) respectfully request that the Court stay the instant proceeding due to a pending lawsuit regarding charging liens against the Plaintiff. Plaintiff consents to this motion. This is the first request to stay this action.

  Defendant made an initial offer of settlement on March 17, which Plaintiff is currently considering, however Defendant was informed of a number of charging liens claims from the Law Office of Adrienne Arkontaky (a former Cuddy Law Firm attorney) against the Cuddy Law Firm (Supreme Court of the State of New York, Cayuga County, Index No. E2024-0133). The instant action seeks attorney's fees for work performed in administrative hearings Nos. 229027 and 251318, two of the hearings subject to a lien. A hearing on the charging liens took place on June 18, 2024, however a decision has yet to be rendered. This matter cannot be settled until the charging lien matter is resolved. Further, there can be no meeting of the minds or an agreement to pay any settlement amount until the lien dispute (to which Defendant is <u>not</u> a party) is resolved, whether by Court order, formal withdrawal, or by a negotiated release. The Court should note that Judge Broderick, Magistrate Judge Tarnofsky, and Judge Oetken, granted respective stays in 23-cv-9898(VSB)(OTW), 24-cv-9496(MMG)(RFT), and 24-cv-7384(JPO)(GS), where the same issue arose.

  Given the foregoing, Defendant respectfully requests that the Court issue a stay in this matter until the Cayuga County Supreme Court decides the lien issue. The parties will use the requested stay to continue negotiations, with the goal of settling the matter once the lien issue has

2

been resolved. We note that 95% of the IDEA fees-only actions that are filed in this District are settled without burdening the Court with any motion practice or even the filing of a response to the complaint. The parties are optimistic that this case will take that same course. The parties propose that a status letter be due on April 21, 2025, providing the Court with an update on the status of the Cayuga County Supreme Court Action.

      Thank you for considering this request.

Respectfully submitted,<br>
/s/_____<br>
Lauren Howland, Esq.<br>
  Special Assistant Corporation Counsel

cc:     Benjamin Kopp, Esq. (via ECF)